lee, elmer edward v. state 






                     NO. 12-05-00131-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


RICKY D. STARKS,                                           §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. On March 11, 2005, the trial court
denied Appellant’s “Motion for Reduction of Illegal Sentence.” On April 15, 2005, Appellant filed
a notice of appeal from the March 11 order. Texas Rule of Appellate Procedure 26.2 provides that
an appeal is perfected when a notice of appeal is filed within thirty days after the trial court enters
an appealable order. Tex. R. App. P. 26.2(a)(1). Therefore, Appellant’s notice of appeal was due
on April 11, 2005. However, Appellant did not file his notice of appeal until April 15, 2005. 
Moreover, Appellant did not file a timely motion for extension of time to file his notice of appeal
as authorized by Texas Rule of Appellate Procedure 26.3.  
            On April 15, 2005, this Court notified Appellant, pursuant to Rules 26.2 and 37.2, that the
clerk’s record did not show the jurisdiction of this Court, and it gave him until April 25, 2005 to
correct the defect. Appellant responded to the notice, stating that, according to Texas Rule of
Appellate Procedure 26.1(a)(4), the deadline for filing his notice of appeal was extended for ninety
days because he requested findings of fact and conclusions of law. We are not aware of any
authority that applies Rule 26.1(a)(4) in a criminal case nor does Appellant furnish citations to any
such authority. Moreover, Texas Rule of Appellate Procedure 26, which prescribes the time for
perfecting an appeal, distinguishes between civil cases (Rule 26.1) and criminal cases (Rule 26.2). 
The effect of a request for findings of fact and conclusions of law is found only in the portion of the
rule that pertains to civil cases (Rule 26.1) and is not included in Rule 26.2 pertaining to criminal
cases. Consequently, we hold that Appellant’s request for findings of fact and conclusions of law
did not extend the time for filing his notice of appeal. Therefore, Appellant’s notice of appeal was
untimely and did not invoke our jurisdiction. 
            Because this Court has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeal must be dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998). 
            The appeal is dismissed for want of jurisdiction. 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(DO NOT PUBLISH)